15 CV 3691

UNITED STATES DISTRICT COURT

SOUTHER DISTRICT OF NEW YORK

RECEIVED
APR 30 2015
PRO SE OFFICE

```
------------------------------------------------X
OSCAR STARKER                           :

                    Plaintiff,          :      Case No._____

        -vs-                            :      **COMPLAINT**

NATALIYA ADAMOVYCH,                     :
CITY OF NEW YORK
CHRISTOPHER KOLENDA, an individual,     :      JURY TRIAL DEMAND
CHRISTOPHER KOLENDA, as representative of
NEW YORK CITY POLICE DEPARTMENT,        :
LOUIS LODATO, an individual
LOUIS LODATO, as representative of      :
NEW YORK CITY POLICE DEPARTMENT
DOES 1 through 20, inclusive.           :

                    Defendants.         :
------------------------------------------------X
```

**INTRODUCTION**

This action seeks to recover damages for multiple incidents of false arrest,

false imprisonment, unlawful confinement and violations of Plaintiff's civil rights

guaranteed by the constitution and the laws of the United States in violation of 42

U.S.C. §1983. These arrests and unlawful confinement were instigated at the behest

of Nataliya Adamovych, maliciously and without probable cause by intentionally

−1−

making false, fabricated, and groundless police reports accusing Plaintiff of criminal conduct and making false statements to the police with the intent of procuring his arrest and unlawful confinement and to intentionally deprive Plaintiff of his civil rights.

Plaintiff seeks to recover compensatory and punitive damages and demands a trial by jury on each of his claims as pleaded herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1331 and 42 U.S.C. §1983. Plaintiff further invokes this Court's supplemental jurisdiction of the related state law claims and causes of action pursuant to 42 U.S.C. §1367 to the extent that they arise from the same nucleus of operative facts as Plaintiff' federal claims.

2. Venue is proper pursuant to 42 U.S.C. §1391. Events that gave rise to Plaintiff's claims, including the false arrest, and wrongful confinement occurred in this judicial district.

## PARTIES

3. Plaintiff, OSCAR STARKER ("Plaintiff") is a resident of the city and state of New York, County of New York.

4. The conduct complained of herein occurred in the city and state of New York.

5. Plaintiff is informed and believes and on that ground alleges that at all times relevant to this complaint, defendant, NATALIYA ADAMOVYCH (hereafter also referred to as "NATALIYA ADAMOVYCH'" "Adamovych" or "defendant ADAMOVYCH") was and still is a resident of the city and state of New York.

6. Plaintiff is informed and believes, and on that ground alleges that defendant CHRISTOPHER KOLENDA, (hereafter referred to as "Kolenda", "detective Kolenda" or "defendant KOLENDA") was at all times relevant to this complaint, and still is a detective employed by the defendant, the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, and was working from the 17th precinct located at 167 East 51st Street, New York, NY 10022.

7. Plaintiff is informed and believes and on that ground alleges that defendant LOUIS LODATO (hereafter referred to as "Lodato", "detective Lodato", or "defendant LODATO"), was and still is a detective employed by the defendant, the

–3–

CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, and was working at the 104th precinct located at 6402 Catalpa Avenue, Ridgewood, NY 11385.

8. Plaintiff is informed and believes, and on that ground alleges that at all times relevant to this complaint, each of the defendants were and still are domiciled, reside, and/or principally located in the state of New York.

9. The CITY OF NEW YORK is a duly incorporated municipal corporation and is the principal and the employer of the police officers, detectives, and other persons who violated or where involved in violating Plaintiff's rights as alleged in this complaint.

10. The defendant, CITY OF NEW YORK through its officers, agents, and representatives hired, trained, supervised, instructed, and retained detectives KOLENDA and LODATO, and other defendants sued under fictitious names, and ratified, condoned, and approved all of their actions, failures to act, and other wrongful conduct as described in this complaint. Further, in doing the things complained of herein, each of these defendants was acting in the course of such agency or employment and within the scope of their authority.

11. NEW YORK CITY POLICE DEPARTMENT ("NYPD") is an agency and instrumentality of the defendant, the CITY OF NEW YORK.

12. At all times relevant to this Complaint, each of the defendants was acting under the color of state law, ordinance, and/or regulation, statutes, custom and usage of the CITY OF NEW YORK and the state of New York within the meaning of 42 U.S.C. §1983, while depriving or causing the deprivation of Plaintiff's civil rights guaranteed by the Constitution and the laws of the United States as described in this Complaint.

13. Plaintiff is ignorant of the true identities and capacities of the defendants designated as DOES 1-20, inclusive, but will amend this complaint when their identities and capacities have been ascertained according to proof.

14. Plaintiff is informed and believes, and on that ground alleges that each and every DOE defendant was and is, responsible for the injuries, damages and harm incurred by Plaintiff.

15. Each reference in this complaint to "defendant" "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

16. Plaintiff is informed and believes and on that ground alleges that at all times relevant to this complaint, each of the defendants, including each of the defendants sued under fictitious names, was the agent, employee and/or representative of each of the remaining defendants, and of each other, and in doing

the things hereinafter alleged was acting within the course and scope of this agency

and /or employment, and with the full knowledge and consent of the remaining

defendants.

17. Further, each and all of the acts herein alleged as to each defendant, was

authorized and directed by the remaining defendants, who ratified, adopted,

condoned, and approved said acts with full knowledge of the consequences thereof.

18. Each of the following acts and omissions, undertaken by defendant

ADAMOVYCH, defendant KOLENDA, and defendant LODATO was undertaken

with the full knowledge, consent, ratification of and in total concert with each of the

other defendants, who aided and abetted each of their respective actions, failures to

act, and other wrongful conduct as described in this complaint.


## NOTICE REQUIRED BY GENERAL MUNICIPAL LAW §50-e


19. With respect to those claims arising under the laws of the state of New

York, Plaintiff acting in accordance with the applicable provisions of section 50-e

of the New York General Municipal Law did duly and timely serve notice of his

claims on the defendant, the CITY OF NEW YORK.


–6–

## REQUEST TO DECLARE

## CONSTITUTIONALITY OF STATE LAW

20. Plaintiff requests that the Court declare N.Y. Criminal Procedure Law §140.10, and Domestic Incident Policy adopted or promulgated by the CITY OF NEW YORK and utilized by NYPD unconstitutional and enjoin its enforcement to the extent it purports, or can be read to authorize or require the unlawful seizure of an individual without probable cause, in violation of the Fourth Amendment rights or the deprivation of liberty or property of a citizen without due process of law in violation of the 14th Amendment of the United States Constitution.

## FACTUAL ALLEGATIONS

## COMMON TO ALL CAUSES OF ACTION

21. Plaintiff met Nataliya Adamovych at JDate.com web site and they were briefly acquainted.

22. At one point Plaintiff did go on a trip with Adamovych and lend her money which she never paid him back.

23. There is no familial relationship between Plaintiff and Adamovych.

24. Plaintiff is not and was never married to Adamovych, never lived with her, and she was never his girlfriend.

25. When Adamovych refused to return the loan after repeated demands, Plaintiff was forced to commence a civil action against her in attempt to recover the money she owed him.

26. In or about February 2014, defendant Nataliya Adamovych filed a completely false and fabricated petition against Plaintiff in New York Family Court, New York County (File No. 22586, Docket No.O-30824-14) alleging among other things rape, sexual assault, and aggravated harassment.

27. The sworn petition signed by Adamovych in Family Court was filled with outrageous lies and described purported incidents, which never took place.

28. Temporary order of protection (hereafter "TOP") was issued against Plaintiff, ex-parte, without any notice to Plaintiff, and without any opportunity to be heard or present evidence prior to such an order being granted, which among other things prohibited contact and communications with Adamovych.

29. Adamovych cooked up these tales in Family Court as part of an elaborate scheme to falsely obtain legal process, i.e. order of protection, which could later be used to easily get Plaintiff arrested on false charges, jailed, and subject him to criminal prosecution.

30. The plan was designed to give Adamovych leverage to extort financial benefits at Plaintiff's expense to which she was not entitled, by keeping Plaintiff in jeopardy of losing his freedom, incurring large legal fees and other financial expenses defending against false and vexatious charges, subject Plaintiff to humiliation and the stigma of a criminal record, and ruin his career.

31. Consistent with this plan, Adamovych used the TOP which she obtained from the Family Court under the false pretenses to concoct additional stories and make further claims accusing Plaintiff of violating the TOP so as to secure his arrest and the filing of criminal charges against him.

32. Specifically, Adamovych reported to NYPD at 17th precinct that on February 19, 2014, March 28, 2014 and March 30, 2014 Plaintiff purportedly called her on the phone, threatened to "break [her] legs," and that in the course of that alleged call, made additional threats against her so as to violate the TOP.

33. In fact, Plaintiff did not make any calls to Adamovych on February 19, 2014, March 28, 2014 and March 30, 2014, did not make any threats, and did not speak with her at all.

34. Rather than to inform the officers of Plaintiff's actual home address, which was well known to Adamovych at the time of making her complaint with NYPD, Adamovych provided NYPD home address of Plaintiff's elderly parents,

both of whom are over 90 years of age, reporting it as Plaintiff's home address even though she knew Plaintiff was not residing with his parents and was not regularly found at that location.

35. The purpose of directing the NYPD officers to the apartment, which housed Plaintiff's parents was to humiliate, alarm, and to inflict the maximum mental suffering and distress on both Plaintiff and his elderly parents.

36. As a result of these false and fabricated statements and reports on or about April 1, 2015 which was a date of the Family Court hearing, detective Kolenda in the presence of at least four other NYPD officers, without a warrant, and without any probable cause to believe that Plaintiff was actually present at that location at the time of their arrival, intruded upon, forced their way into, and entered the apartment occupied by Plaintiff's elderly parents in Brooklyn, New York, who were frightened and scared, and who advised them that Plaintiff was not present, and without their consent, ambulated from room to room, opening doors and cabinets, looking for Plaintiff.

37. When Plaintiff learned that police officers from the 17th precinct in Manhattan were at his parents's Brooklyn apartment looking for him, he contacted the precinct and eventually spoke to detective Kolenda, who asked Plaintiff to come over to the 17th precinct to "talk".

38. Plaintiff's understanding was that if he did not report to the 17th precinct as directed by detective Kolenda, Plaintiff's parents could expect additional visits.

39. On May 1, 2014 Plaintiff reported to the 17th precinct as directed by Kolenda, at which time he was confronted by accusations relating to the calls purportedly placed to Adamovych on February 19, 2014, March 28, 2014 and March 30, 2014.

40. Plaintiff explained that he did not make any calls to Adamovych on February 28, 2014, March 28, 2014 and March 30, 2014 and did not speak with her at all and these charges were totally bogus, outrageous, and completely false.

41. Plaintiff further presented Kolenda with proof that on March 28, 2014 and March 30, 2014 Plaintiff was in Florida, provided receipts and documents, and his cell phone log that listed each called placed and received by Plaintiff on February 19, 2014, and begged detective Kolenda to obtain and review both parties' cell phone records, which would show beyond any doubt that Plantiff was in Florida and did not make and could not make the alleged call as described by Adamovych.

42. When Plaintiff tried to explain to detective Kolenda and those present that the incident reported by Adamovych was fabricated and completely false, that he did not make any calls to Adamovych, did not make any threats against her, and

–11–

did not speak with her, presented evidence of Adamovych not being a credible informant, that she had a motive and a propensity to fabricate, and urged the police to investigate, and that Adamovych should be the one arrested and prosecuted for making a false report, Kolenda responded that he did not care and that as long as Adamovych made an accusation that is all that was needed and that he was required to make an arrest even if the allegation is false.

43. As a result of these events Plaintiff was seized and arrested on May 1, 2014 and was forced to spend more than 24 hours in central booking jail in Manhattan.

44. During that time period Plaintiff was repeatedly pushed, shoved, shackled, handcuffed tightly, chained, forced to take off his clothes, was body searched, fingerprinted, photographed, was forced to give his DNA. These measures were humiliating, excessive, unnecessary and inflicted substantial physical and mental pain, sore and bruises, and violated Plaintiff's privacy.

45. In addition, Plaintiff was placed and confined in a filthy, foul-smelling, humid and disgusting cell huddled with other prisoners during which time Plaintiff was deprived of food, water, sleep, medications for his pain, unable to use a shower or wash himself, unable to use a restroom, and was otherwise kept in sickening, nauseating, unsanitary, and deplorable conditions, and his attempts to complain

about these conditions were ignored.

46. During the period of his confinement Plaintiff was also deprived of access to his personal belongings, unable to use his phone or other electronic devices, make or receive calls to contact his relatives, friends, or coworkers, unable to check upon his elderly parents to make sure they are safe, access the internet to send or receive mail or have any work done, and was completely isolated from the outside world, not knowing how long he would be held in confinement, deprived of access to his personal belongings, and basic necessities, or what will happen to him next, and was forced to endure both physical and mental pain.

47. After many and sundry hours of having to endure in these truly awful, intolerable conditions, the case was filed against Plaintiff based on these false trumped up charges concocted by Adamovych in Criminal Court in New York county and Plaintiff was eventually arraigned and charged with criminal contempt.

48. The falsity and the bogus nature of the charges alleged by Adamovych could have been revealed with minimal investigation, which Kolenda refused to perform.

49. Plaintiff is informed and believes and on that ground alleges that phone records maintained by Plaintiff's cell phone provider not only could be used to supply a record of each call initiated or received by Plaintiff on any given day, but

also the duration of any such call and location from which it was made.

50. Such records could also be used to identify other communications and activities involving Plaintiff's cell phone such as text messages, emails, applications used, GPS locations, and other activity and could be used to track Plaintiff's whereabouts at any given time.  The same is true of Adamovych's cell phone provider.

51. The falsity of Adamovych's claims as well as her motive to lie and her propensity to fabricate non-existent events, and the sinister agenda that she was pursuing could also have been elicited with probing questions, and interrogating techniques, which were never used.

52. The automatic acceptance, at face value, of the outrageous lies reported by Adamovych, without any corroboration or proof, failure and refusal to perform the most basic, minimal police work, and the most basic investigation, when considered in combination with the totality of the communications and other circumstances, and facts which were available to Kolenda, evince gross negligence, reckless indifference and/or intentional disregard for Plaintiff's civil rights guaranteed by the Constitution and the laws of the United States, as alleged in this complaint.

53. CITY OF NEW YORK and NEW YORK CITY POLICE

DEPARTMENT violated and continue to violate the civil rights of its citizens, including Plaintiff by adopting, maintaining and enforcing policies, practices, and procedures that require officers to arrest and imprison citizens against whom accusations are leveled alleging purported incidents of domestic violence, regardless of the facts, and without questions, and without performing even the basic investigation, which may reveal the falsity and the bogus nature of the reported claims.

54. The defendants, the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT intentionally violated and continue to violate the civil rights of its citizens, including Plaintiff by adopting and enforcing policies, practices, and procedures that encourage the making and the filing of false and fabricated domestic violence incident reports.

55. CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT intentionally violated and continue to violate the civil rights of its citizens, including Plaintiff by adopting and enforcing policies, practices, and procedures that deter and discourage the reporting or investigation of the incidents involving the making of false reports and instruments in violation of N.Y. Penal Law §§240.50(3), 175.30, 175.35 and/or prosecution of individuals making such reports, and by refusing to take any steps to identify or investigate incidents of false

reporting or pursue individuals that make reports, or to take any other reasonable measures that would deter or discourage false reporting.

56. On or about January 25, 2015 Adamovych made another complaint, this time in Queens, New York, alleging that purportedly either Plaintiff or someone called her from the restricted number on Plaintiff's behalf several days ago and threatened her.

57. These charges, as each of the previous ones reported to NYPD and in the Family Court by Adamovych were totally false, bogus, and fabricated and were intended to falsely, fraudulently and under false pretenses procure Plaintiff's arrest and imprisonment and to maliciously cause him physical, mental and economic injuries and to blackmail him financially.

58. In fact, Plaintiff did not call or speak to Adamovych on any of the dates she alleged in her incident reports nor asked anyone else to do so.

59. When detective Lodato called on or about February 1, 2015 to discuss the new claims contrived by defendant Adamovych and informed Plaintiff of the nature of her allegations, Plaintiff informed Lodato that he did not call and did not speak with Adamovych, nor instructed anyone to do so.

60. Detective Lodato then instructed Plaintiff to come to the precinct in Queens, stating if he did not, the police would come to his apartment and he would

be arrested.

61. When Plaintiff appeared at the precinct per Lodato's directions, he again informed detective Lodato that the charges leveled against him by defendant Adamovych were false, fabricated and bogus, that the incidents alleged by Adamovych never happened, explained to him how defendant Adamovych previously lied to the police, the district attorney office, and the Family Court, presented him with evidence demonstrating these falsehoods, including the documents which were subpoenaed in the criminal court case, and which reflect the detailed phone records – Plaintiff's and those of Adamovych, including the number which the latter claimed Plaintiff purportedly made calls to.

62. Despite this and other evidence showing Adamovych lied to the police repeatedly, Lodato refused to consider or even look at it, stating: "I don't need this." He was intent on making the arrest no matter what the evidence showed, and no matter what the facts were.

63. While Plaintiff was attempting to discuss the situation with Lodato, and urged him to investigate the matter, consider matters that bear on whether Adamovych was a credible witness, and look at the evidence before making any conclusions as to who should be arrested and on what charges, detective Lodato informed Plaintiff that he spoke with Assistant District Attorney, who informed him

no criminal charges should be filed against Plaintiff based on these latest claims made by Adamovych because of the latter's lack of credibility and inconsistencies in her story.

64. Lodato further informed Plaintiff that although no criminal charges will be filed against him based on this incident, he was still required to make an arrest and "process" Plaintiff through central booking.

65. Despite the evidence presented by Plaintiff with respect to the falsity and the bogus nature of the outrageous charges leveled against Plaintiff by Adamovych, and despite being notified by the district attorney's office, that they will not prosecute, on February 9, 2015 Lodato proceeded to unlawfully restrain, confine Plaintiff and to hold Plaintiff in police custody, and Plaintiff was thereafter arrested and transported to central booking jail in Queens, handcuffed and chained, and was jailed there under same woeful and deplorable conditions as he was subjected to on May 1, 2014, for approximately seven more hours, only to be released without arraignment and without being charged with any offense.

66. No reports were accepted or investigations conducted as to any of the knowingly false reports made by Adamovych repeatedly, in violation of N.Y. Penal Law §§240.50(3), 175.30, 175.35 or of harassment of Plaintiff by defendant Adamovych in violation of §240.26(3) by virtue of making false, baseless, and

vexatious criminal complaints against Plaintiff.

67. Following Plaintiff's arrests and while these fabricated criminal charges were pending against Plaintiff in the Criminal Court and Family Court, Plaintiff was informed that Adamovych made repeat offers, through her attorney, to drop pending criminal charges and the family court matters in exchange for large sums of money and discontinuance of Plaintiff's civil case.

## COUNT I

### VIOLATION OF 42 U.S.C. §1983
### FALSE SEIZURE

*(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

68. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

69. Defendant ADAMOVYCH violated the civil rights of Plaintiff when she made false police reports and gave false statements to the police in three different counties, (i.e. Manhattan, Brooklyn, and Queens) as herein alleged with the intent of causing Plaintiff's unlawful seizure and confinement in the central booking, and falsely restrain his freedom of movement without probable cause.

70. In doing the acts complained of herein, defendant ADAMOVYCH

intentionally violated Plaintiff's Forth Amendment right to be free from unreasonable search and seizure.

71. In doing the acts complained of herein, the defendant ADAMOVYCH acted under the color of state law, in that she intentionally invoked and employed the police powers and the judicial machinery of the state to secure Plaintiff's unlawful seizure, arrest, false imprisonment and unlawful confinement.

72. Defendant ADAMOVYCH conspired with and used the NYPD officers as her agents in a scheme to secure Plaintiff's false arrest and unlawful confinement.

73. In violating Plaintiff's constitutional civil rights as alleged in this complaint defendant ADAMOVYCH did knowingly take advantage of, utilize, and invoke state and local laws, regulations, policies, rules, and procedures, which assisted and importuned her in procuring Plaintiff's seizure and confinement repeatedly, and in multiple counties.

74. In violating Plaintiff's constitutional civil rights as alleged in this complaint, defendant ADAMOVYCH did knowingly utilize and exploit New York judicial legal process that allowed her to easily, quickly, and without much effort or expense obtain TOP based on ex-parte application, without notice to Plaintiff, and without any corroborating evidence, which she in turn used repeatedly, and in

different counties, to make reports to NYPD which would not be scrutinized or investigated, and which would subject Plaintiff to mandatory arrest policies and practices applied by NYPD. All of which make defendant ADAMOVYCH "a state actor" within the contemplation of *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982).

75. The actions of defendant ADAMOVYCH were despicable, intentional and malicious, but they could not and would not succeed without substantial aid and participation from the state, its laws, its judicial process, and without substantial assistance from NYPD and its individual officers – all of which made the process of depriving Plaintiff of his constitutional rights, shaking him down, and disrupting his life – a quick, easy, expense-free, and risk-free process.

76. Defendant ADAMOVYCH acted jointly with NYPD officers and other defendants, each of whom under color of state law, participated in depriving Plaintiff of his constitutional rights.

77. Defendant CITY OF NEW YORK through its officers agents and representatives failed and refused to conduct the most basic and minimal police investigation that would have revealed the falsity, malicious, and groundless nature of defendant ADAMOVYCH's allegations and accepted them at face value, without interrogation, and without investigation, as proven facts.

78. Based on the facts and the information available or reasonably ascertainable to defendant KOLENDA at the time of Plaintiff's arrest on May 1, 2014, no probable cause existed to arrest Plaintiff and seizure and confinement of Plaintiff and his property violated the Fourth Amendment of the United States Constitution.

79. Based on the facts and the information available or reasonably ascertainable to defendant KOLENDA at the time of Plaintiff's arrest on May 1, 2014, an officer of reasonable competence and prudence would not conclude that a probable cause existed to arrest and confine Plaintiff.

80. Defendants and each of them knew or should have known that Plaintiff's arrest and imprisonment on May 1, 2014, was unlawful, and failed in their duty to intercede on behalf of a citizen whose constitutional rights were being violated in their presence to prevent and stop the unlawful seizure.

81. Based on the facts and the information available or reasonably ascertainable to defendant LODATO at the time of Plaintiff's arrest on February 9, 2015, no probable cause existed to arrest Plaintiff and seizure and confinement of the Plaintiff and his property violated the Fourth Amendment of the United States Constitution.

82. Based on the facts and the information available or reasonably

ascertainable to defendant LODATO at the time of Plaintiff's arrest on February 9, 2015, an officer of reasonable competence and prudence would not conclude that a probable cause existed to arrest and confine Plaintiff.

83. Defendants and each of them knew or should have known that Plaintiff's arrest on February 9, 2015, was unlawful, and failed in their duty to intercede on behalf of a citizen whose constitutional rights were being violated in their presence to prevent and stop the unlawful seizure.

84. Defendants and each of them knew or should have known that allegations made by defendant ADAMOVYCH were not true, yet they condoned her actions, actively assisted, aided and abetted her efforts to violate and defraud Plaintiff of his civil rights.

85. Defendant CITY OF NEW YORK did enact, promulgate, adopt and tolerate policies, procedures, customs, rules, regulations, or practices that permitted, encouraged, and even required its officers, agents, servants and employees to arrest, seize, and confine individuals falsely accused of violating orders of protection, and other allegations involving domestic violence, without conducting an appropriate investigation of the veracity and credibility of such allegations – all in violation of Plaintiff's rights guaranteed by the Fourth Amendment of the United States Constitution that prohibits unreasonable searches and seizures.

86. Defendant CITY OF NEW YORK did enact, promulgate, adopt and/or tolerate policies, procedures, customs, rules, regulations, or practices that have the effect of encouraging the false and malicious reports that allege violations of orders of protections and domestic violence offenses made with the intent of depriving another citizen of the civil rights guaranteed by the Constitution and the laws of the United States.

88. Defendant CITY OF NEW YORK did enact, promulgate, adopt and/or tolerate policies, procedures, customs, rules, regulations, or practices which discourage, and deter reporting or investigation of false reports of these alleged crimes involving domestic or violations of orders of protection, or prosecution of those  knowingly and maliciously making such false reports.

89. Defendant CITY OF NEW YORK did enact, promulgate, adopt and/or tolerate policies, procedures, customs, rules, regulations, or practices that result in the hiring and/or retention of officers, agents, representatives, servants and/or employees that have the tendency to violate the civil rights of the citizens guaranteed by the Constitution and the laws of the United States, such as making false arrests and confinements based on false charges, with knowledge of the falsity of such charges, or with reckless disregard for the truth or falsity of such charges, and without conducting adequate investigations to ascertain the truthfulness of the

charges, and those who tolerate such violations by failing to intervene to prevent and stop these practices.

90. Defendant CITY OF NEW YORK did enact, promulgate, adopt and/or tolerate policies, customs, rules, regulations, or practices that result in the failure to properly train, instruct or supervise its officers, agents, representatives, servants, and employees to conduct adequate, thorough, fair, and impartial investigations of the complaints involving allegations of domestic violence and alleged violations of court orders; to encourage reporting, investigations, and prosecutions of individuals knowingly making false reports, and to intercede on behalf of a citizen when another officer attempts to seize, arrest, confine, or otherwise violate such citizen's rights guaranteed by the Constitution and the laws of the United States.

91. Defendant, CITY OF NEW YORK was grossly negligent in its hiring, training, supervising, controlling, disciplining, testing and screening of its officers with respect to rights guaranteed by 4th, 8th, and 14th Amendments of the United States Constitution, including matters involving reporting of alleged criminal offenses, conducting thorough, fair, and unbiased investigations of alleged criminal offenses, establishing credibility of informants, making seizures, prevention of excessive use of force, respect for due process, and preserving the rights of persons confined in its custody.

92. By reason of the foregoing Plaintiff was deprived of his liberty and freedom, suffered severe physical and mental pain, incurred tens of thousands of dollars in legal expenses, including expenses that will necessarily be incurred, has been subjected to hatred, stigma, humiliation, and contempt, will and/or has failed employment clearance and background checks, disqualified from housing and employment opportunities, suffered and will continue to suffer great damage to Plaintiff's reputation, his career, his physical and mental health, and his financial condition; in addition Plaintiff has been and/or will be disqualified from his participation in various government benefits, holding business and professional licenses and permits, deprived of his right to own or posses a firearm, and had his life completely disrupted  – all to his detriment and damage in the sum of $2,000,000.00.

93. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

## COUNT II.

### 42 U.S.C. §1983
### VIOLATION OF DUE PROCESS

–26–

*(Plaintiff against all defendants, including DOES 1-20, inclusive)*

94. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

95. Defendants and each of them under color of state law violated Plaintiff's civil rights by enacting, adopting, enforcing, interpreting or applying the state and local statutes, ordinances, policies, rules, customs, regulations, practices and/or judicial precedents in a manner that deprived Plaintiff of his rights to procedural and substantive due process guaranteed by the 14th Amendment of the United States Constitution, which provides that no state action shall "deprive any person of life, liberty, or property, without due process of law."

96. In violating Plaintiff's constitutional civil rights as alleged in this complaint, defendant ADAMOVYCH did knowingly utilize and exploit New York judicial legal process that allowed her to easily, quickly, and without much effort or expense obtain TOP based on ex-parte application, without notice to Plaintiff, and without any corroborating evidence, which she in turn used repeatedly, and in different counties, to make reports to NYPD which would not be scrutinized or investigated, and which would subject Plaintiff to mandatory arrest policies and practices applied by NYPD. All of which make defendant ADAMOVYCH "a state

actor" within the contemplation of *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982).

97. The actions of defendant ADAMOVYCH were despicable, intentional and malicious, but they could not and would not succeed without substantial aid and participation from the state, its laws, its judicial process, and without substantial assistance from NYPD and its individual officers – all of which made the process of depriving Plaintiff of his constitutional rights, shaking him down, and disrupting his life – a quick, easy, expense-free, and risk-free process.

98. Defendant ADAMOVYCH acted jointly with NYPD officers and other defendants, each of whom, under color of state law, participated in depriving Plaintiff of his due process rights.

99. By reason of the foregoing Plaintiff was deprived of his liberty and freedom, suffered severe physical and mental pain, incurred tens of thousands of dollars in legal expenses, has been subjected to hatred, stigma, humiliation, and contempt, failed employment clearance and background checks, the damage to Plaintiff's reputation, his career, his physical and mental health, and his financial condition will be damaged for many years to come; in addition Plaintiff has been deprived of his right to own or posses a firearm, and had his life completely disrupted – all to his detriment and damage in the sum of $2,000,000.00.

–28–

100. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

## COUNT III

### VIOLATION OF 42 U.S.C. §1983
### EQUAL PROTECTION

*(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

101. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

102. Defendants and each of them under color of state law violated Plaintiff's civil rights by enacting, adopting, enforcing, interpreting or applying the state and local statutes, ordinances, policies, rules, customs, regulations, practices and/or judicial precedents in a manner that is discriminatory and deprived Plaintiff of the equal protection of the laws guaranteed by the 14th Amendment of the United States Constitution.

103. By reason of the foregoing Plaintiff was deprived of his liberty and

freedom, suffered severe physical and mental pain, incurred tens of thousands of dollars in legal expenses, has been subjected to hatred, stigma, humiliation, and contempt, failed employment clearance and background checks, the damage to Plaintiff's reputation, his career, his physical and mental health, and his financial condition will be damaged for many years to come; in addition Plaintiff has been deprived of his right to own or posses a firearm, and had his life completely disrupted  – all to his detriment and damage in the sum of $2,000,000.00.

104. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

## COUNT IV.

### 42 U.S.C. §1983
### EXCESSIVE FORCE

*(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

105. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

106. Defendants and each of them did use excessive force to arrest and confine Plaintiff in violation of the rights guaranteed by the Fourth Amendment, causing substantial physical and mental pain, great discomfort, bruising and soreness that lasted for weeks, including but not limited to unnecessarily handcuffing and chaining Plaintiff, fastening handcuffs tightly, denying Plaintiff pain medications, depriving Plaintiff of food and water, depriving Plaintiff of restroom facilities, depriving Plaintiff of sleep and other basic necessities, and ignoring his complaints.

## COUNT V.

### 42 U.S.C. §1983
### CRUEL AND INHUMAN TREATMENT

*(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

107. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

108. Defendants and each of them did subject Plaintiff to cruel and inhuman treatment in violation of the rights guaranteed by the Eight Amendment of the United States Constitution, causing substantial physical and mental pain, great discomfort, bruising and soreness that lasted for weeks, including but not limited to

unnecessarily handcuffing and chaining Plaintiff, fastening handcuffs tightly, denying Plaintiff pain medications, depriving Plaintiff of food and water, depriving Plaintiff of restroom facilities, depriving Plaintiff of sleep and other basic necessities, and ignoring his complaints.

## COUNT VI.

### LIBEL AND LIBEL PER-SE

*(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

109. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

110. Defendant ADAMOVYCH did publish a series of false and fabricated police reports, domestic incidents reports, petitions, witness statements, affidavits, declarations, and other writings as specifically alleged and described in the factual allegations above,   with NYPD 17th precinct, NYPD 104th precinct, New York County District Attorney's office, Queens County District Attorney's office, Kings County District Attorney's office, New York Family Court, New York Criminal Court, Victim Compensation Board, and otherwise, accusing Plaintiff of criminal conduct, to wit: rape, aggravated harassment, criminal contempt, making phone

calls that were never made, purportedly making telephonic threats that violated the TOP, incorrect information about Plaintiff's home address that was defamatory, and other defamatory matters as specifically described in this complaint.

111. In so doing defendant ADAMOVYCH did intentionally make a publication of fact that was false, defamatory, defamatory on its face, of and concerning Plaintiff,   in order to secure Plaintiff's arrest and imprisonment, violate his civil rights, extort financial benefit to which is not entitled, and/or other unlawful or sinister purpose.

112. These false publications were knowingly, recklessly or negligently republished by other defendants, including defendant KOLENDA, defendant LODATO, and DOES 1 through 20, inclusive.

113. The actions of defendant ADAMOVYCH and other defendants were intentional and malicious, were intended to and did result in a severe damage to Plaintiff's personal and professional reputation and standing in the community, his career and advancement opportunities, his ability to qualify for and obtain employment, employment clearance, government clearance, rental housing, housing assistance and other government programs, professional licenses and permits, hold public office, own a firearm, and subjected Plaintiff to public aversion, hatred, ridicule, and contempt.

114. In addition, Plaintiff suffered severe mental, physical, and economic damages due to the false seizure, arrest, imprisonment and unlawful confinement that were proximately caused by these libelous publications – all to his detriment and damage in the sum of $2,000,000.00.

115. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

## COUNT VII.

### SLANDER AND SLANDER PER-SE

*(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

116. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

117. Defendant ADAMOVYCH did make a series of false and fabricated oral statements, complaints, allegations, 911 emergency calls, to persons other than Plaintiff: NYPD officers and other their assistants in the 17th precinct and 104th

precinct, detective, Kolenda, Detective LODATO, police dispatchers, prosecutors, judges, assistants D.A.s from Manhattan and Queens district attorney offices, intake clerks and assistants in New York Family Court and Criminal Court, judges, and other persons accusing Plaintiff of criminal conduct, to wit: rape, aggravated harassment, criminal contempt, making phone calls that were never made, purportedly making telephonic threats that violated the TOP, incorrect information about Plaintiff's home address that was defamatory, and other defamatory matters as specifically described in this complaint.

118. In so doing defendant ADAMOVYCH did intentionally make a statement of fact that was false, defamatory, defamatory on its face, of and concerning Plaintiff, and which amount to slander and slander per-se   in order to secure Plaintiff's arrest and imprisonment, violate his civil rights, extort financial benefit to which is not entitled, and/or other unlawful or sinister purpose.

119. These false and slanderous statements were knowingly, recklessly or negligently republished or repeated by other defendants, including defendant KOLENDA, defendant   LODATO, and DOES 1 through 20, inclusive.

120. The actions of defendant ADAMOVYCH and other defendants were intentional and malicious, were intended to and did result in a severe damage to Plaintiff's personal and professional reputation and standing in the community, his

–35–

career and advancement opportunities, his ability to qualify for and obtain

employment, employment clearance, government clearance, rental housing, housing

assistance and other government programs, professional licenses and permits, hold

public office, own a firearm, and subjected Plaintiff to public aversion, hatred,

ridicule, and contempt.

121. In addition, Plaintiff suffered severe mental, physical, and economic

damages due to the false seizure, arrest, imprisonment and unlawful confinement

that were proximately caused by these libelous publications – all to his detriment

and damage in the sum of $2,000,000.00.

122. In doing the acts complained of herein, defendant ADAMOVYCH acted

with actual malice, oppression, fraud, and with wanton and conscious disregard of

Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and

unjust hardship, so as to warrant the imposition of punitive damages in the amount

of $2,000,000.00.

## COUNT VIII.

## FALSE ARREST AND FALSE IMPRISONMENT

### *(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

123. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

124. Defendants and each of them did intentionally engage in a course of conduct that was intended to and did result in Plaintiff being arrested and wrongfully confined, without a warrant, based on false and fabricated charges concocted by defendant ADAMOVYCH on May 1, 2014 and then again on February 9, 2015.

125. Plaintiff, Oscar Starker, was conscious of and did not consent to the arrest or wrongful confinement.

126. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, with the specific intent to inflict harm and cause Plaintiff's arrest and unlawful confinement, and without legal justification, or privilege of any kind.

127. Plaintiff suffered severe mental, physical, and economic damages due to the false seizure, arrest, imprisonment and unlawful confinement – all to his detriment and damage in the sum of $2,000,000.00.

128. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and

unjust hardship, so as to warrant the imposition of punitive damages in the amount

of $2,000,000.00.

## COUNT IX.

### ASSAULT AND BATTERY

### *(Plaintiff against all defendants, including DOES 1 through 20, inclusive)*

129. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

130. Defendants and each of them did intentionally and unlawfully subject Plaintiff to unlawful application of physical force, harmful and offensive touching, and battery.

131. As a direct and proximate result of their intentional acts, Plaintiff was pushed, shoved, kicked, slammed, shackled, chained, and handcuffed.

132. As a result of this assault Plaintiff suffered great physical and mental pain and suffering, as well as economic losses – all to his detriment and damage in the sum of $2,000,000.00.

133. In doing the acts complained of herein, defendants acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, their conduct was despicable and subjected Plaintiff to cruel and unjust

hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

## COUNT X.

## ABUSE OF PROCESS

### *(Plaintiff against Nataliya Adamovych and DOES 1 through 20, inclusive)*

134. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

135. Defendant ADAMOVYCH did intentionally obtain a temporary order of protection from the Family Court based on false and fabricated claims, so that she could later use it to procure Plaintiff's unlawful seizure, arrest, and imprisonment based on false and fabricated charges, and without proof.

136. Defendant ADAMOVYCH had no legitimate need or purpose in obtaining the temporary order of protection, but acted out of spite and malice, and with the sole intent to cause harm to Plaintiff, falsely cause him to be arrested and jailed, get Plaintiff fired from his job and make it difficult to get a new one, and force him to use his savings to incur legal fees to fight these false and vexatious charges.

137. Defendant ADAMOVYCH did intentionally obtain and misuse the legal

process for purposes for which it was not designed to be used, namely to intentionally and maliciously harm the person against who the process is issued.

138. Defendant ADAMOVYCH did make use of legal process, to wit: temporary order of protection obtained from the Family Court in a perverted manner in order to obtain a collateral objective – maliciously violate Plaintiff's civil rights and secure his false arrest and wrongful confinement based on false and fabricated allegations

139. By reason of the foregoing Plaintiff suffered severe mental, physical, and economic losses – all to his detriment and damage in the sum of $1,000,000.00.

140. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.


## COUNT XI.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Plaintiff against Nataliya Adamovych and DOES 1 through 20, inclusive)*

141. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

142. Defendant ADAMOVYCH engaged in extreme and outrageous conduct.

143. Defendant ADAMOVYCH intended to cause or acted in total disregard of substantial probability of causing severe emotional distress as result of her actions.

144. Defendant ADAMOVYCH's actions as alleged herein, did cause Plaintiff to experience severe mental suffering and emotional distress.

145. The actions of defendant ADAMOVYCH were intentional and malicious.

146. Plaintiff suffered severe mental, physical, and economic damages due to the false seizure, arrest, imprisonment and unlawful confinement – all to his detriment and damage in the amount of $2,000,000.00

147. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

# COUNT XII.

## MALICIOUS PROSECUTION

### *(Plaintiff against Nataliya Adamovych and DOES 1 through 20, inclusive)*

148. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

149. Defendant ADAMOVYCH did maliciously cause baseless civil and criminal charges to be instituted against Plaintiff in Family Court and in Criminal Court, in New York County and also in Queens County, without probable cause.

150. In doing the acts complained of herein, defendant ADAMOVYCH acted with actual malice, and with the intent to harass, denigrate, and injure Plaintiff

151. The actions were terminated in Plaintiff's favor.

152. By reason of the foregoing Plaintiff was humiliated, incurred thousands of dollars in unnecessary legal costs defending against these baseless and vexatious charges, as a direct and proximate cause of these Plaintiff had been denied employment opportunities due to criminal background checks, suffered great humiliation, and was subjected to great ridicule – all to his detriment and damage in the estimated sum of 2,000,000.00.

153. In doing the acts complained of herein, defendant ADAMOVYCH acted

with actual malice, oppression, fraud, and with wanton and conscious disregard of Plaintiff's rights, her conduct was despicable and subjected Plaintiff to cruel and unjust hardship, so as to warrant the imposition of punitive damages in the amount of $2,000,000.00.

## COUNT XIII.

## NEGLIGENCE

### (Plaintiff against CITY OF NEW YORK, KOLENDA, LODATO and DOES 1 through 20, inclusive)

154. Plaintiff repeats and re-alleges paragraphs 1 through of this Complaint as though fully set forth herein.

155. Defendants KOLENDA, LODATO, and defendants DOES 1 through 20, inclusive were grossly negligent in the performance of their duties, as alleged above, and violated the duty of care they owed Plaintiff.

156. Defendant, CITY OF NEW YORK was grossly negligent in its hiring, retention, training, supervising, controlling, disciplining, testing and screening procedures, and in allowing persons who are not competent to do the job, persons with violent tendencies, and/or persons who violate constitutional rights of other

citizens to be employed.

157. Defendant, CITY OF NEW YORK was grossly negligent in its handling and investigation of complaints involving alleged telephonic threats, matters involving alleged violations of restraining orders, and other domestic incidents, determining the veracity of such allegations, and conducting fair, unbiased investigations of such complaints.

158. Defendant, CITY OF NEW YORK was grossly negligent in its duty to maintain the facilities that house persons detained on criminal charges so as to ensure that basic human necessities of persons detained in such facilities and in its custody are provided for, and that health, safety, basic human dignity, and constitutional rights of persons detained in such facilities is not violated or unnecessarily compromised.

159. As a result of this negligence, Plaintiff was deprived of his liberty and freedom, suffered severe physical and mental pain, incurred tens of thousands of dollars in legal expenses, including expenses that will necessarily be incurred, has been subjected to hatred, stigma, humiliation, and contempt, will and/or has failed employment clearance and background checks, disqualified from housing and employment opportunities, suffered and will continue to suffer great damage to Plaintiff's reputation, his career, his physical and mental health, and his financial

condition; in addition Plaintiff has been and/or will be disqualified from his participation in various government benefits, holding business and professional licenses and permits, deprived of his right to own or posses a firearm, and had his life completely disrupted   – all to his detriment and damage in the sum of $2,000,000.00.

WHEREFORE: Plaintiff, OSCAR STARKER prays that judgment be entered in favor of Plaintiff and against the defendants, as follows:

1.   Prays that judgment be granted against all defendants, including DOES 1 through 20, inclusive, jointly and severally, in the amount to be determined according to proof at trial, but estimated at TWO MILLION ($2,000,000.00) DOLLARS, in compensatory and special damages, on each of the counts I through IX, as alleged in this complaint;

2.   Prays that judgment be granted against the CITY OF NEW YORK in the amount to be determined according to proof at trial, but estimated at TWO MILLION ($2,000,000.00) DOLLARS in compensatory and special damages on each of the counts I through IX, and each of the counts XII through XIII, as alleged in this complaint;

3.   Prays that judgment be granted against defendant KOLENDA in the

amount to be determined according to proof at trial, but estimated at TWO

MILLION ($2,000,000.00) DOLLARS in compensatory and special damages on

each of the counts I through IX, and each of the counts XII through XIII, as alleged

in this complaint;

    4.    Prays that judgment be granted against defendant LODATO in the

amount to be determined according to proof at trial, but estimated at TWO

MILLION ($2,000,000.00) DOLLARS in compensatory and special damages on

each of the counts I through IX, and each of the counts XII through XIII, as alleged

in this complaint;

    5.    Prays that judgment be granted defendant ADAMOVYCH in the

amount to be determined according to proof at trial, but estimated at TWO

MILLION ($2,000,000.00) DOLLARS in compensatory and special damages, and

TWO MILLION ($2,000,000.00) DOLLARS in exemplary and punitive damages

on each of the counts I through XII, as alleged in this complaint;

    6.    Against all defendants, including DOES 1 through 20, inclusive,

jointly and severally: Costs, disbursements, litigation expenses, and where

appropriate reasonable attorney fees incurred; and

    7.    Declaratory and Injunctive Relief with respect to any statutes,

ordinances, procedures, or practices found unconstitutional, as alleged in this

complaint;

8.     Such other, further, and different relief as the Court determines to be

just, equitable, and proper.

Dated: New York, New York
      April 30, 2015

*Oscar Starker*

OSCAR STARKER
Plaintiff Pro-Se
110 Fulton Street, apt. 9A
New York, NY 10038
212-786-2334

**Abuse of Process**

(*Board of Education v. Famingdale Classroom Teachers Assn.*, 38 NY3d 397)

**Libel**

(*Thomas H. v. Paul B.*, 18 NY3d 580, 584 (2012); *Stepanov v. Dow Jones & Co.*, __ AD3d __, 987 NYS2d 27 (1st Dep't 2014)

**Assault & Battery**

"To recover damages for battery, a P must prove that there was bodily contact, that contact was offensive, i.e. wrongful under all of the circumstances, and intent to make the contact w/o the P's consent" (**Higgins v. Hamilton**, 18 AD3d 436, 436)

**False Arrest/Imprisonment**

2 names of the same tort - *Lee v. City of NY*, 272 AD2d 586; *Jackson v. Police Dept of City of New York*, 86 AD2d 860, 860-861

To establish a c/a for false arrest P must show that (1) D intended to confine him; (2) the P was conscious of confinement, (3) P did not consent to the confinement, and (4) the confinement was not otherwise privileged.
*Lee v. City of NY*, 272 AD2d 586; *Broughton v. State of New York*, 37 NY2d 451, 456, cert den. sub nom *Schanberger v. Kellog*, 423 US 929

Probable cause to believe that a person committed a crime is a complete defense to a claim of false arrest. *Fortunato v. City of New York*, 63 AD3d 880. Where arrest is made w/o a warrant a presumption arises that it was unlawful and the burden of proving that the arrest was privileged is cast upon the D. *Tsachalis v. City of Mount Vernon*, 293 AD2d 525, 525; *Broughton v State of New York*, 37 NY2d at 458. In general, the existence or absence of probable cause is a question of fact and "becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inference to be drawn therefrom." (*Fortunato*, 63 AD3d at 880; *People v. Bigelow*, 66 NY2d 417, 420 (D failed to eliminate a triable issue of fact as to whether the public was inconvenienced.

**42 USC 1983**

Excessive force, False arrest, and assault and battery may properly form the basis of a claim under 42 USC 1983 (*Hodges v. Stanley*, 712 F2d 34, 36; *Eckardt v. City of White Plains*, 87 AD3d at 1051; *Delgado v. City of New York*, 86 AD3d 502, 511)

Liability of municipality may only be imposed by establishing "a direct causal link between municipal policy or custom and the alleged constitutional deprivation" (*Canton v. Harris*, 489 US 378, 385; *Connick v. Thompson*, – US – , 131 S.Ct at 1359 [2011]; *Monell v. NYC Dept of Social Services*, 436 US at 496. The P must show that the action that is alleged to be unconstitutional either implements or executes a policy stateent, ordinance, regulatioin, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage w/ the force of law" (*Maio v. Kralik*, 7 AD3d 1, 10-11; *Eckardt v. City of White Plains*, 87 Ad3d at 1052 )

*Holland v. City of Poughkeepsie*, 3981108, NYLJ 1202536920434, at *1 (App. Div 2nd , Dec 20, 2011) __ AD3d __

**VERIFICATION**

STATE OF NEW YORK )

                        SS.:

COUNTY OF NEW YORK )

      OSCAR STARKER, being duly sworn, deposes and says: That I am the plaintiff in the within action; that I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to the best of my knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

                                                 OSCAR STARKER

Sworn to before me this

20 day of APRIL, 2015

_Benjamin Steinberg_

       Notary Public

Benjamin Steinberg
Notary Public, State of New York
No. 02ST6042665
Qualified in Bronx County
Commission Expires May 30, 20_18