UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Feb 3, 2017
```

Oscar Starker,

                              Plaintiff,

              —v—

Nataliya Adamovych, et al.,

                              Defendants.

15-cv-3691 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On April 30, 2015, *pro se* Plaintiff Oscar Starker filed his initial complaint in the instant case. *See* Dkt. No. 2. On May 13, 2016, he filed an amended complaint. *See* Dkt. No. 34 (hereafter, the "Complaint"). In that Complaint, Starker alleges federal claims, under 18 U.S.C. § 1983, as well as numerous state tort claims, against Nataliya Adamovych ("Adamovych"), as well as against Louis Lodato, allegedly a detective in the New York City Police Department, Complaint ¶ 6, the New York City Police Department, New York City, and a number of John Does (collectively, the "City Defendants"). *See id.* at 1. On June 10, 2016, the City Defendants moved to dismiss the Complaint under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), or in the alternate for a *Colorado River* stay. *See* Dkt. No. 42. The City Defendants noted that, on or about April 30, 2015, when the instant federal litigation commenced, the Plaintiff also filed a nearly identical lawsuit in New York State Supreme Court (Index No. 100751/2015). *See id.* at 2. They further cited a pending motion for default judgment in that proceeding that the Plaintiff had made against the City Defendants who were parties to that action. *See id.*; *see also* Dkt. No. 42, Ex. B. The City Defendants also represented that, on April 15, 2016, the Plaintiff called counsel for the City Defendants to indicate that he

1

wished to withdraw the federal action in favor of the state suit. *Id.* at 2. On June 10, 2016, Defendant Adamovych also moved, in this Court, to dismiss the Complaint for failure to state a claim. *See* Dkt. No. 40.

In his opposition to the City Defendants' motion to dismiss or stay, Starker did not deny that the pending state action is nearly identical to the present federal action or that the alleged phone call took place. *See* Dkt. No. 47. Nor did he otherwise address the bulk of the City Defendants' arguments. *See id.* He noted, however, that the City Defendants had moved in the state action to dismiss that claim for lack of personal jurisdiction caused by purportedly improper service, and asked that this Court stay the present federal action pending resolution of that motion. *See id.* at 1. The City Defendants do not deny the existence of such a motion in their reply. *See* Dkt. No. 48 at 3.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254, (1936)); *see also Goldentree Asst. Mgmt., L.P. v. Longaberger, Co.*, 448 F. Supp. 2d 589, 593 (S.D.N.Y. 2006) ("[W]hen parallel state court proceedings exist, and exceptional circumstances warrant, a federal district court may decline to exercise its jurisdiction over a particular matter." (citing *Colorado River*, 424 U.S. at 818)). It appears that the Plaintiff's primary objections to a *Colorado River* dismissal or stay turn on uncertainty as to how the state court will resolve two pending motions: the Plaintiff's motion for default judgment against a subset of the defendants in that case, and the City Defendants' motion for dismissal on the basis of failure to properly serve. Further, it appears possible that the ultimate resolution of those issues may bear on the propriety of this Court dismissing under

*Colorado River* or granting the broad stay that the City Defendants request—a stay not pending the outcome of any particular motion in the state court proceedings, but pending the ultimate resolution of that action. *See id.* at 593-94 (S.D.N.Y. 2006) (observing that two factors pertinent to whether a Court should dismiss or stay a federal action in light of a parallel state proceeding include (1) "the avoidance of piecemeal litigation" and (2) a comparison of "how much progress has been made in the two actions." (internal quotation marks omitted)). In light, then, of the potential relevance of the disposition of the pending motions in state court not simply to the resolution of the case before this Court, but to the resolution of the pending motion for a *Colorado River* dismissal or stay, the Court hereby temporarily stays this action pending resolution of those two state motions. *See In re Literary Works in Elec. Databases Copyright Litig.,* Nos. M–21–90 (GBD), MDL 1379, 00–CV–6049, 00–CV–9411, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("Where it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court.").

The Court thus stays this matter pending the state court's resolution of the pending motions for default judgment and to dismiss for lack of service of process. In light of that stay, the Court denies both of the pending motions to dismiss without prejudice. *See* Dkt. Nos. 39, 41. The parties are ordered to write to the Court one week or sooner after the state court resolves the last of the noted motions. At that time, both sets of defendants may renew their respective motions to dismiss, taking into consideration the effect, if any, of the state court's resolution of the two motions pending in state court. Further, the parties will provide a status update no later than six months from the date of this Order describing any and all progress in the parallel state action.

3

This resolves docket numbers 39 and 41.

Dated:  February _____, 2017

New York, New York

_____
ALISON J. NATHAN

United States District Judge